# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA


CAROLE K. BROWDY, M.D.                                    CIVIL ACTION

VERSUS                                                   NO. 11-818-SDD-SCR

HARTFORD LIFE AND ACCIDENT
INSURANCE CO. AND "THE GROUP
SHORT TERM DISABILITY AND
LONG TERM DISABILITY PLAN FOR
EMPLOYEES OF AEROSPACE
TESTING ALLIANCE-SALARIED"


## RULING

This matter is before the Court on the *Motion for Reconsideration*[1] filed by Plaintiff,

Carole K. Browdy, M.D. ("Plaintiff").    Defendant, Hartford Life and Accident Insurance

Company ("Hartford" has filed an *Opposition*[2] to this motion.  Plaintiff seeks reconsideration

of this Court's *Ruling*[3] and *Judgment*[4] dismissing her claims and granting summary

judgment on behalf of Hartford.

The motion was filed within 28 days of the relevant ruling; thus, it is evaluated

pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  "A Rule 59(e) motion calls

---

[1] Rec. Doc. No. 72.

[2] Rec. Doc. No. 74.

[3] Rec. Doc. No. 70.

[4] Rec. Doc. No. 71.

into question the correctness of a judgment."[5]  However, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[6]  Rather, a motion for reconsideration is for the purpose of correcting "manifest errors of law or fact or to present newly discovered evidence."[7]

Plaintiff contends the Court committed manifest legal error in its *Ruling*.  However, all of Plaintiff's reconsideration claims were made in the briefs before the Court at the time of the *Ruling*, Plaintiff offers no new evidence that was not considered by the *Ruling*, and Plaintiff fails to point to "manifest error" rather her own disagreement with the Court's application of controlling law to the undisputed facts of the case.  Plaintiff has failed to satisfy the requirements of Rule 59(e).  Simply disagreeing with the Court's decision is not a grounds for reconsideration.  The Court carefully considered all of Plaintiff's claims and legal arguments, and the Court stands by the analysis and reasoning set forth in the *Ruling*.

---

[5] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(citation and quotations omitted).

[6] *Id.* at 479.

[7] *Id.* (citations and quotations omitted).

Accordingly, for the reasons set forth above, Plaintiff's *Motion for Reconsideration*[8] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>December 18, 2014</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[8] Rec. Doc. No. 72.